

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CLEMENT LOWE,

                Petitioner,

-against-

MARK BRADT,

                Respondent.

---------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-00793 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On February 14, 2012, Petitioner Clement Lowe filed the instant Petition for Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, challenging several convictions rendered in Queens County Supreme Court on February 13, 2001. (Docket Entry # 1.) Lowe also filed a Motion for Leave to Proceed In Forma Pauperis under 28 U.S.C. § 1915. (Docket Entry # 2.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court has conducted an initial consideration of this Petition and, for the reasons set forth below, determines that the petition may be time-barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, Lowe is directed to submit an affirmation, within sixty days of the entry of this Order, stating why the Petition should not be dismissed as time-barred. Lowe's Motion for Leave to Proceed In Forma Pauperis is granted.

## I. BACKGROUND

On February 13, 2001, Lowe was convicted in Queens County Supreme Court of two counts of rape in the first degree, three counts of sodomy in the first degree, one count of criminal possession of a weapon in the second degree, and one count of unlawful imprisonment

1

in the second degree. (Pet. ¶¶ 1-4.) He appealed his convictions to the Appellate Division, Second Department. (Id. ¶ 9(d).) The Appellate Division affirmed his convictions on October 20, 2003. People v. Lowe, 309 A.D.2d 877 (N.Y. App. Div. 2003). Lowe requested leave to appeal from the New York Court of Appeals, which was denied on March 15, 2004. People v. Lowe, 810 N.E.2d 921 (N.Y. 2004). He did not petition for certiorari in the United States Supreme Court. (Pet. ¶ 9(f).)

On December 10, 2008, Lowe filed a Motion to Vacate Judgment in the Queens County Supreme Court pursuant to New York Criminal Procedure Law § 440.10. (Id. ¶ 10) That Motion was denied on June 14, 2010. (Id. ¶ 12.) He applied for leave to appeal to the Appellate Division, Second Department, and his application was denied on February 10, 2011. (Id. ¶ 13.) On February 14, 2012, Lowe filed the instant Petition. He is presently incarcerated in the Attica Correctional Facility. (Mem. Pet. (Docket Entry # 1) ¶ 1.)

## II. DISCUSSION

### A. AEDPA's Statute of Limitations

Because Lowe's Petition was filed after April 24, 1996, the effective date of AEDPA, his Petition is subject to AEDPA's statute of limitations. See Lindh v. Murphy, 521 U.S. 320, 327 (1997). AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

2

> the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Where a petitioner does not challenge his conviction by seeking a writ of certiorari from the United States Supreme Court, the petitioner's judgment becomes final ninety days from the date that the New York Court of Appeals denies leave to appeal. See Valverde v. Stinson, 224 F.3d 129, 132 (2d Cir. 2000). Here, because Lowe was denied leave to appeal by the New York Court of Appeals on March 15, 2004, his convictions became final on or about June 13, 2004. Thus, the deadline for filing his Petition was June 13, 2005, unless he was entitled to either statutory or equitable tolling of AEDPA's limitations period.

### B. Statutory Tolling

AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" AEDPA's one-year limitations period. 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year period anew; rather, § 2244(d)(2)'s tolling provision merely excludes the time a post-conviction motion is

3

under submission from the calculation of the one-year period. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). Because Lowe filed his post-conviction Motion to Vacate Judgment on December 10, 2008, more than four years after his convictions became final, it does not appear that his post-conviction motion would affect the calculation of his limitations period.

## C. Equitable Tolling

Equitable tolling may be applied only if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). The petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde, 224 F.3d at 134. On the present record, there is no basis for equitable tolling.

## III. CONCLUSION

Unless the limitations period for Lowe's Petition is subject to either statutory or equitable tolling, the deadline for filing his Petition was June 13, 2005. Thus, his Petition, filed February 14, 2012, might be barred by AEDPA's statute of limitations. Lowe is hereby directed to show cause by affirmation, within sixty days from the date of this Order, why the statute of limitations does not bar his Petition.[1] See Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). Should Lowe file an affirmation, he must include any facts that would support statutory or equitable tolling of

---

[1] An affirmation form is attached to this Order for Lowe's convenience.

4

the statute of limitations, in accordance with the legal standards discussed above. No response or answer shall be required at this time and all further proceedings shall be stayed for sixty days. If Lowe fails to comply with this order within the time allowed, the Petition will be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). Lowe's Motion for Leave to Proceed In Forma Pauperis is GRANTED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
February 23, 2012

NICHOLAS G. GARAUFIS
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CLEMENT LOWE,

                Petitioner,                      **PETITIONER'S AFFIRMATION**

        -against-                              **12-CV-00793 (NGG) (LB)**

MARK BRADT,

                Respondent.

-------------------------------------------------------------------X

I am the Petitioner in this action and I respectfully submit this Affirmation in response to the court's Order dated February 23, 2012. The instant Petition should not be time-barred by AEDPA's one-year statute of limitations because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant Petition should be permitted to proceed.

DATED: _____          _____

                                                       Signature

                                                      _____

                                                      Address

                                                      _____

                                                      City, State & Zip